## COONEY *v.* CITY OF ATLANTA *et al.*

There was no error in refusing an interlocutory injunction.

APRIL 12, 1912.

Petition for injunction. Before Judge Pendleton. Fulton superior court. June 20, 1911.

*Shepard Bryan,* for plaintiff. *J. L. Mayson, W. D. Ellis Jr.,* and *Moore & Branch,* for defendants.

EVANS, P. J. The plaintiff in error filed a petition against the City of Atlanta and its marshal, to enjoin the city from further proceeding with the levy of a fi. fa. for street improvements. The injunction was refused, and, on writ of error to this court, the judgment was affirmed. 136 *Ga.* 118 (70 S. E. 950). When the remittitur was made the judgment of the court, the plaintiff amended by alleging that the city had entered into a contract with certain contractors (who were made parties defendant) to pave a portion of the street in front of his property with wooden blocks, which contract contained the following language: "The contractors furthermore agree and stipulate as to each and all assessments against abutting-property owners, on account of said pavement, that each and every abutting-property owner shall have the option of paying the said assessments all in cash within thirty days after the completion and acceptance of said pavement, or of paying one fourth cash within thirty days as aforesaid, and the balance in three equal installments, each of which installments shall bear interest at the rate of 7% per annum until paid, falling due in one, two, and three years." Also, that the city was acting for the contractors in the collection of the fi. fa., and that the funds when collected would belong, not to the city, but to the contractors, who were demanding full payment in cash and had refused to allow the plaintiff in error to pay by installments, and that he was entitled to have the contract between the city and the contractors specifically performed. An injunction was refused.

When the former judgment refusing an injunction was under review, it was held: "An abutting-land owner upon whose property a street assessment is made is not entitled as a matter of right, under section 150 of the Code of Atlanta, to have his assessment divided into installments, unless the same has been transferred to the contractor doing the work." By the amendment the plaintiff

no longer relies upon section 150 of the City Code as entitling him to pay in installments, but founds his contention to pay in installments upon his right to compel performance of the contract between the city and the contractors. Under this contract the city was to pay for the work partly in cash and partly by transfer of the claim against the abutting-land owner. In the event the city transferred the assessment to the contractors, the abutting-land owner was given an option to pay in cash or installments, and this' right was reserved in the contract. The contractors' claim is against the city until the abutting-land owner's assessment is transferred to them. The abutting-property owner, under the city charter, must pay his assessment for street improvement in cash, unless the city assigns the bill for the same to the contractor. He is not a party to the contract between the city and the contractors, and can not compel performance of a contract to which he is not a party. There was no error in refusing an injunction.

*Judgment affirmed. All the Justices concur.*