8592

KNIGHT v. KNIGHT.

1. NONSUIT—VERDICT.—There being sufficient evidence to carry the case to the jury and more than one inference deducible from the evidence, nonsuit and motion to direct a verdict was properly refused.
2. EVIDENCE — REAL PROPERTY — CROSS-EXAMINATION. — THE DECLARATIONS of one deceased as to his title to a tract of land is not admissible to show title in him when not made in the presence of one claiming title from him. That the witness was cross-examined as to the declarations is no waiver of appellant's objections.

Before MEMMINGER, J., Laurens, Fall term, 1912. Reversed.

Action by William B. Knight against John L. Knight. Defendant appeals.

*Messrs. Richey & Richey,* for appellant.

*Messrs. Simpson, Cooper & Babb,* contra.

June 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for the recovery of real estate by respondent against the appellant, tried before his Honor, Judge Memminger, and a jury, at the Fall term of Court for Laurens county, 1912, and resulted in a verdict in favor of plaintiff-respondent here. At the close of plaintiff's testimony, the defendant made a motion for nonsuit, which was refused. At the close of all the testimony in the case, defendant moved that a verdict be directed for defendant, which was refused, and after verdict a motion for new trial was made and refused. After entry of judgment, appellant appeals and asks reversal on eight exceptions, alleging error on the part of his Honor in admitting over objection, incompetent testimony on the part of respondent in not granting a nonsuit, or directing a verdict for the appellant, and challenges the correctness of his Honor's law, as laid down to the jury, as to whether he should have granted a nonsuit or directed a verdict as asked for in favor of the appellant.

It is sufficient to say that under the testimony admitted by the trial Judge there was sufficient testimony to carry the case to the jury, and in passing on refusal of Circuit Judge to grant a nonsuit this Court may consider all the testimony in the case, and there being more than one inference deducible from the evidence in the case it would have been error to direct a verdict. *Dupuy* v. *Williams,* 91 S. C. 185, 74 S. E. 381; *Davis* v. *Reynolds,* 91 S. C. 440, 74 S. E. 827.

The appellant's second exception is: "That his Honor erred in admitting in evidence over the objection of the defendant so much of the testimony of plaintiff's witness, Mrs. Eddie Ballentine, as related to the declarations of B. E. Knight, that the land in dispute was his, that he let the rent go for the taxes; that the land was all he had, and he intended for his two boys to have it. The said B. E. Knight being then dead, the testimony was incompetent as hearsay and as self-serving declaration of B. E. Knight, and declarations in favor of his own title, and should not have been admitted in support of his own title to said land."

The third exception is: "That his Honor erred in admitting in evidence, over the objection of defendant, so much of the testimony of plaintiff's witness, Mrs. Laura Knight, as related to declarations of B. E. Knight, that the land was his, and he intended to do as he pleased with it, that he offered the land for sale once to Mrs. Alewine, that B. E. Knight and his wife showed Mrs. Alewine over the place, and said that if he sold to Mrs. Alewine he would move John L. Knight down on his place, near his home. The said B. E. Knight being then dead, the said testimony was incompetent hearsay and self-serving declaration of B. E. Knight, and declarations in favor of his own title, and should not have been admitted in support of his own title to said land."

We are of the opinion that these exceptions should be sustained, so much of the testimony of Mrs. Lou Knight, which detailed the conversation of B. E. Knight and John L. Knight, was competent, but the declarations of B. E. Knight as to the ownership of the land in dispute made in the absence of John L. Knight, was clearly incompetent, and as to the testimony of Mrs. Ballentine, there is no claim that John L. Knight was present at all, at any time, the claim of ownership or declarations in reference thereto, was made by B. E. Knight. This testimony was admitted over

the objection of appellant's counsel.    It is true he cross-examined the witness, but that was subject to his objection to the admissibility of her testimony, which objections the Court overruled, and admitting it, and allowing these declarations to go to the jury was prejudicial to the appellant. In *Wingo* v. *Caldwell*, 36 S. C. 598, 15 S. E. 382, the Court says: "There can be no doubt of the correctness of appellant's claim, that our decisions fully sustain the doctrine that declarations in favor of one's own title are not admissible in support of such title."

In *Ellen* v. *Ellen*, 18 S. C. 494, this Court held that the Circuit Judge was in error in "admitting the declarations of David Ellen in support of his title as independent testimony in reply to his declarations in disparagement thereof introduced by the defendants, if these declarations had been part of the same conversation, or had been explanatory of some special act, then they might have been admitted as part of the *res gestae,* but the declarations of a party interested can never, *per se,* be admitted as evidence of his right."

This error on the part of Circuit Judge will necessitate a new trial, and it is unnecessary to consider the other exceptions undisposed of.

Judgment reversed and a new trial granted.